# EXHIBIT

# "B"

7/26/2019                                                    OCS Search

lerk's Home (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)



# Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Search

## RICARDO T. SANZ VS WELLS FARGO BANK, N.A.

**Local Case Number:** 2019-017929-CA-01

**Filing Date:** 06/14/2019

**State Case Number:** 132019CA017929000001

**Case Type:** Discrimination - Employment or Other

**Consolidated Case No.:** N/A

**Judicial Section:** CA09

**Case Status:** OPEN

---

👥 **Parties**                                          Number of Parties: 2  ▬

☞ Export to ▾

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|

7/26/2019                                                      OCS Search

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | Sanz, Ricardo T. | _B#: (Bar Number)_15099 _N: (Attorney Name)_Chattergoon, Ria Nikki | |
| Defendant | Wells Fargo Bank, N.A. | _B#: (Bar Number)_614671 _N: (Attorney Name)_Zascha Blanco | _B#: (Bar Number)_710385 _N: (Attorney Name)_Rodriguez, Carmen M |

### 🔨 Hearing Details

Number of Hearing: 0  —

No hearing information found

### 🔊 Dockets

Dockets Retrieved: 12  —

[→ Export to ▾]

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 11 | 07/08/2019 | | Agreed Order | Event | **ON DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT. GRANTED** |
| 📄 | 10 | 07/05/2019 | | Notice: | Event | **COPY OF RETURN OF SERVICE WITHOUT SUMMONS** |
| 📄 | 9 | 07/03/2019 | | Motion for Extension of Time | Event | _Parties: Wells Fargo Bank N.A._ |
| 📄 | 8 | 07/03/2019 | | Notice of Appearance | Event | _Parties: Zascha Blanco; Wells Fargo Bank N.A._ |

7/26/2019                                          OCS Search

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 7 | 06/19/2019 | | Receipt: | Event | RECEIPT#:3550258 AMT PAID:$10.00 NAME:CHATTERGOON, RIA NIKKI 5112 HAYES ST HOLLYWOOD FL 33021-5250 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 REC |
| | | 06/18/2019 | | 20 Day Summons Issued | Service | |
| 📄 | 6 | 06/18/2019 | | ESummons 20 Day Issued | Event | *Parties: Wells Fargo Bank N.A.* |
| 📄 | 5 | 06/18/2019 | | (A) 20 Day (C) Summons (Sub) Received | Event | |
| | 4 | 06/15/2019 | | Receipt: | Event | RECEIPT#:3490293 AMT PAID:$401.00 NAME:CHATTERGOON, RIA NIKKI 5112 HAYES ST HOLLYWOOD FL 33021-5250 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 |
| 📄 | 3 | 06/14/2019 | | Civil Cover | Event | |
| 📄 | 2 | 06/14/2019 | | Complaint | Event | |
| 📄 | 1 | 06/14/2019 | | Civil Cover | Event | |

**◄◄** Back to Search

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: https://www8.miamidade.gov/global/disclaimer/disclaimer.page (https://www8.miamidade.gov/global/disclaimer/disclaimer.page)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)  |
Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)
Clerk's Home (http://www.miami-dadeclerk.com/home.asp)  |
Privacy Statement (https://www8.miamidade.gov/global/disclaimer/privacy-and-security.page)  |
Disclaimer (https://www8.miamidade.gov/global/disclaimer/disclaimer.page)  |
Contact Us (http://www.miami-dadeclerk.com/contact.asp)  |
About Us (http://www.miami-dadeclerk.com/about.asp)

**MIAMI-DADE COUNTY** (http://www.miamidade.gov)

2015 Clerk of the Courts. All Rights reserved.

Filing # 91119758 E-Filed 06/14/2019 12:52:24 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Ricard T Sanz</u>
Plaintiff

vs.

<u>Wells Fargo Bank, N.A.</u>
Defendant

**II.      TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – 50,000
   ☐ Homestead residential foreclosure $50,001 - $249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
   ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional
☒ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☒ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
      ☒   Monetary;
      ☒   Non-monetary declaratory or injunctive relief;
      ☒   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

      <u>2</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐   Yes
      ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒   No
      ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒   Yes
      ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Ria N. Chattergoon</u>    FL Bar No.: <u>15099</u>
     Attorney or party                           (Bar number, if attorney)

    <u>Ria N. Chattergoon</u>   <u>06/14/2019</u>
      (Type or print name)                     Date

Filing # 91119758 E-Filed 06/14/2019 12:52:24 PM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

Case No.

RICARDO T. SANZ,

      Plaintiff,

   v.

WELLS FARGO BANK, N.A.

      Defendant.

_____/

## **COMPLAINT**

Plaintiff RICARDO T. SANZ ("Plaintiff"), by and through his undersigned attorney, makes the following Complaint against Defendant WELLS FARGO BANK, N.A. ("Defendant"):

### **JURISDICTION**

1.    This is an action for damages and other relief pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*, ("FCRA").

2.    This court has jurisdiction as the damages sought by Plaintiff exceed $15,000.00.

3.    Venue is proper because the acts complained of by Plaintiff occurred within this judicial district and because the Defendant has a principal place of business within this judicial district.

### **PARTIES**

4.    Plaintiff is and at all times relevant to this Complaint has been an adult resident of Miami-Dade County, Florida.

Case No.

6.      At all times material to this Complaint, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

7.      Defendant is a corporation organized and doing business pursuant to the laws of the State of Florida, with a principal place of business in Miami-Dade County, Florida.

8.      At all times relevant to this Complaint, Defendant employed more than 20 employees within one week and was and remains an "employer" as that term is defined in the FRCA.

## PROCEDURAL REQUIREMENTS

11.     On or about June 13, 2018, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging age discrimination and retaliation in employment. *See* **Exhibit "A."**

12.     On or about April 30, 2019, the EEOC issued a Right to Sue letter to Plaintiff. *See* **Exhibit "B."**

13.     This Complaint is filed within 90 days of Plaintiff's receipt of the Notice Right to Sue letter and subsequent to 180 days of filing with the FCHR.

14.     All conditions precedent to the bringing of this action have been satisfied.

## GENERAL ALLEGATIONS

15.     Plaintiff is a 60-year-old Hispanic male.

16.     Plaintiff is a former Regional Private Banking Manager, with over 41 years of banking experience.

17.     Plaintiff worked for Defendant and its predecessor for the last the last 30 years.

2

Case No.

18.     Plaintiff spent 19 years in his role as a Regional Private Banking Manager with Defendant.

19.     During his employment with Defendant, Plaintiff always received commendable evaluations and was consistently recognized for his success.

20.     During his last 9 years of employment, Plaintiff never received a pay increase because he was told that he was "too close to the maximum" salary.

21.     In July 2016, Plaintiff's Market Manager, Jason Williams, was promoted to Senior Regional Manager in another market.

22.     Plaintiff asked Greg Bronstein, his Senior Regional Manager, whether he was being considered as a possible candidate for the open Market Manager position vacated by Mr. Williams.

23.     Mr. Bronstein assured Plaintiff that he was qualified and encouraged him to apply.

24.     Plaintiff applied for the position but did not make it to the final round of interviews for the Regional Manager position.  He was not provided with a reason.

25.     In late August 2016, Jeff Haines, who is younger than Plaintiff, was named as the new Market Manager. Jeff Haines has less banking and investment experience than Plaintiff.

26.     In November 2016, during a what was supposed to be a standard check-in meeting with Mr. Haines and Jayne Hill (who is younger than Plaintiff), Business Line Leader, Plaintiff was informed that they wanted him to move his team to be more "on model." Neither expressed how Plaintiff was not on model and they did not specify what measurable they believed he was not meeting.

3

Case No.

27.     Two months later, Plaintiff again met with Mr. Haines and Ms. Hill.  Despite the excellent financial results and strong performance in the market, Plaintiff was told that it was his responsibility to lead areas that did not report to him in order to generate loan business.

28.     Plaintiff was again told he needed to be "on model" although Plaintiff's measurables were in line with other markets in the region at that time.

29.     Significantly, at that time, the balance sheets and revenue growth for the last 6 years were the best overall within the market wherein Plaintiff worked.

30.     During this time Defendant was simultaneously undergoing a scandal regarding its sales practice that began to affect and, is still affecting, new client acquisition and hiring across the company.

31.     In April 2017, Plaintiff received his performance evaluation, which included vague comments citing a few areas of weakness and a catch all of not being "on model" but that dismissive of all of Plaintiff's significant accomplishments.

32.     As a final comment, Mr. Haines stated that he was thinking of rating Plaintiff as non-performing but decided to state that he was performing.

33.     Plaintiff responded in writing to his evaluation objecting to certain comments made by Mr. Haines.

34.     Mr. Haines viewed Plaintiff's written response.

35.     In June 2017, Mr. Haines and Ms. Hill met with Plaintiff to inform him that they did not like a meeting he had with another group of employees to generate loan business.

36.     Plaintiff pointed out that he had sent the agenda for the meeting to the both of them and had received no comments.

4

Case No.

37.     On June 22, 2017, Plaintiff was placed on an informal warning with some very short time frames for "improvement."

38.     Plaintiff then made a formal complaint to Defendant's Human Resources Department that he believed that he was being discriminated against because of his age and that he was being targeted and reprimanded in an attempt to set him up to be terminated.

39.     In response, Defendant's Human Resources department informed Plaintiff that they could not do anything about the matter.

40.     Following Plaintiff's complaint, a recruiter, Bob Peyser, who Plaintiff used to search for candidates called him to ask him if he was retiring.

41.     Mr. Peyser informed him that one of his prospects told him Mr. Haines interviewed him for Plaintiff's job.

42.     In October 2017, Plaintiff was placed under a Performance Improvement Plan ("PIP").

43.     Plaintiff again objected to the PIP. In response, Defendant claimed that the delay in the warnings and performance improvement plan was a result of Hurricane Irma.

44.     Plaintiff again complained that he believed his termination was inevitable that he was being retaliated against.

45.     Mr. Haines and Ms. Hill responded that they "did not want to continue with this and suggested he take a job as a producer (a position that Plaintiff supervised)."

46.     Plaintiff declined the demotion.

47.     Between November and January 2018, Plaintiff was again offered a demotion.

48.     After he refused, he was terminated on February 6, 2018.

Case No.

49.     Plaintiff was replaced by Greg Rolle, who is Caucasian and approximately 10 years younger than Plaintiff.

50.     Mr. Rolle has no wealth banking experience.

51.     Defendant also demoted two Banking Managers, Lawrence Katz and Jim Mallot, who were both over the age of 50 to producer roles.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF FCRA
### Fla. Stat. § 760.10(1)

52.     Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint as if they were fully stated herein.

53.     Age is not a bona fide occupational qualification for any of the positions Plaintiff held while employed with Defendant.

54.     At all times material to this Complaint, Plaintiff performed his job as an employee of Defendant efficiently and satisfactorily.

55.     On or about February 6, 2018, Defendant discharged Plaintiff from his employment because of Plaintiff's age.

56.     Defendant relied on a pretextual explanation for Plaintiff's discharge that was designed to mask a discriminatory intent.

57.     Defendant had a pattern and practice of demoting long-term employees who were older.

58.     Defendant's discharge of Plaintiff constituted an unlawful employment practice in violation of Fla. Stat. § 760.10.

59.     At the time the decision to discharge the Plaintiff was made, Defendant acted willfully and maliciously, with knowledge that Plaintiff's discharge violated the FRCA or in reckless disregard of that fact.

6

Case No.

60.     As a direct, substantial, and proximate result of Plaintiff's discriminatory discharge, Plaintiff has suffered and will continue to suffer substantial economic and noneconomic harm, including but not limited to:

        a.     loss of salary, including vacation pay and paid leave;

        b.     loss of health benefits;

        c.     loss of pension benefits;

        d.     present and future emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff seeks judgment on this claim:

        a.     Determining that Defendant is liable for violations of the FRCA;

        b.     Awarding compensatory damages for Plaintiff's economic losses suffered by Plaintiff, including back pay and the value of lost benefits, and for Plaintiff's present and future emotional distress, anguish, humiliation, embarrassment, and loss of enjoyment of life;

        c.     Awarding punitive damages;

        d.     Granting equitable relief in the form of an award of front pay for loss of future income and benefits or, in the alternative, reinstatement to her position;

        e.     Granting equitable relief in the form of an injunction prohibiting Defendant from committing further violations of the FRCA;

        f.     Awarding prejudgment interest;

        g.     For the costs of this action, including a reasonable award of attorney's fees;

        h.     For such other and further relief as may be just.

Case No.

## COUNT II: RETALIATION IN VIOLATION OF FCRA

61.     Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint as if they were fully stated herein.

62.     Plaintiff complained to Defendant's Human Resources' Department that he was being discriminated against because of his age before he was given a PIP, offered a demotion and terminated.

63.     Defendant retaliated against Plaintiff and was substantially motivated to give Plaintiff a PIP, demote him and terminate him because he engaged in activities that are protected by the FCRA.

64.     At the time the decision to discharge the Plaintiff was made, Defendant acted willfully and maliciously, with knowledge that the actions taken against Plaintiff was based on an activity protected by the FRCA or in reckless disregard of that fact.

65.     As a direct, substantial, and proximate result of Plaintiff's retaliatory discharge, Plaintiff has suffered and will continue to suffer substantial economic and noneconomic harm, including but not limited to:

        a.     loss of salary, including vacation pay and paid leave;

        b.     loss of health benefits;

        c.     loss of pension benefits;

        d.     present and future emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff seeks judgment on this claim:

        a.     Determining that Defendant is liable for violations of the FCRA;

8

Case No.

b.    Awarding compensatory damages for economic losses suffered by Plaintiff, including back pay and the value of lost benefits, and for Plaintiff's present and future emotional distress, anguish, humiliation, embarrassment, and loss of enjoyment of life;

c.    Awarding punitive damages;

d.    Granting equitable relief in the form of an award of front pay for loss of future income and benefits or, in the alternative, reinstatement to her position;

e.    Granting equitable relief in the form of an injunction prohibiting Defendant from committing further violations of the FRCA;

f.    Awarding prejudgment interest;

g.    For the costs of this action, including a reasonable award of attorney's fees;

h.    For such other and further relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff, RICARDO T. SANZ, demands trial by jury of all issues triable as of right by a jury.

Dated: June 14, 2019.

Respectfully submitted,

By:*/s/ Ria N. Chattergoon*
Ria N. Chattergoon, Esquire
Fla. Bar No.: 015099
Email: ria@therclawgroup.com
RC Law Group
3900 Hollywood Boulevard, Suite 301
Hollywood, FL 33021
Telephone: (954) 400-1620
Facsimile:  (954) 400-1676

9

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | |

Florida Commission On Human Relations _____ and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Ricardo Tomas Sanz | 305-322-3285 | 08-26-58 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11325 S.W. 68th Court, Pinecrest, FL 33156 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Wells Fargo, Inc. | 100+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 333 S.E. 2nd Avenue, 23rd Floor, Miami, FL 33131 (local address) | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-2016   Latest: 02-06-2018

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a 59-year-old former Regional Private Banking Manager, with over 41 years of banking experience, the last 30 years of which has been with Wells Fargo. I spent 19 years in his role as a Regional Private Banking Manager. During my employment, I always received commendable evaluations and was consistently recognized for my continued success at Wells Fargo. In late August 2016, Jeff Haines was named as the new Market Manager. Almost immediately, Mr. Haines informed me that he was aware that I had applied for the position of Market Manager. In November 2016, I was told that I needed to be more "on model" without being given any specifics. Significantly, at that time, my team was meeting and exceeding all known model metrics for Wells Fargo.

In April 2017, I received my performance evaluation, which included vague comments citing a few areas of weakness and a catch all of not being "on model." As a final comment, Mr. Haines stated that he was thinking of rating me as non-performing but decided to state that I was performing. I provided a rebuttal to Mr. Haines' evaluation, which was viewed by Mr. Haines. In June 2017, Mr. Haines met with me to inform me that he did not like a meeting that I had with another group of employees to generate loan business. I pointed out that I had sent the agenda for the meeting and had received no comments. One month later, on June 22, 2017, I was placed on an informal warning with some very short time frames for "improvement." I subsequently made a formal complaint to Wells Fargo's Human Resources Department that I was being discriminated against because of my age and that I was being targeted and reprimanded in an attempt to set me up to be terminated. In response, the Human Resources department informed me that they could not do anything about the matter. Following my complaint, a recruiter, Bob Peyser, who I used to search for candidates called me to ask me if I was retiring. Mr. Peyser informed me that one of his prospects told him Mr. Haines interviewed him for my job. In October 2017, I was placed under a Performance Improvement Plan. Wells Fargo claimed that the delay in the warnings was a result of Hurricane Irma. I again stated that I believed my termination was inevitable and that I was being retaliated against. Mr. Haines responded that he "did not want to continue with this and suggested he take a job as a producer (a position that I supervised)." I declined the demotion. Between November and January 2018, I was again offered a demotion. After I refused, I was terminated on February 6, 2018.

I believe Respondent discriminated and retaliated against me because of my age in violation of the ADEA and the Florida Civil Rights Act.

| | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 6/12/18 _____ _[signature]_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 6/12/2018 |
| Date      Charging Party Signature | |

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** **EXHIBIT B**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Ricardo T. Sanz
11325 S. W. 68th Court
Pinecrest, FL 33156

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2018-05103 | Yolanda Ramirez, Investigator | (305) 808-1767 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Nitya Santo Wright*

APR 3 0 2019

Enclosures(s)

Michael J. Farrell,
District Director

*(Date Mailed)*

cc: **Respondent Representative:**
Marcia Kerwin, Legal EEO Consultant
Wells Fargo Legal Department
90 South 7th Street
9th Floor - Mac: N9305-09r
Minneapolis, MN 55402

**Charging Party Representative:**
Ria Chattergoon, Esq.
RC Law Group
3900 Hollywood Boulevard, Suite 301
Hollywood, FL 33021

Enclosure with EEOC

Filing # 91119758 E-Filed 06/14/2019 12:52:24 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Ricard T Sanz</u>
Plaintiff
       vs.
<u>Wells Fargo Bank, N.A.</u>
Defendant

**II.      TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐    Business governance
  ☐    Business torts
  ☐    Environmental/Toxic tort
  ☐    Third party indemnification
  ☐    Construction defect
  ☐    Mass tort
  ☐    Negligent security
  ☐    Nursing home negligence
  ☐    Premises liability – commercial
  ☐    Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐    Commercial foreclosure $0 - $50,000
  ☐    Commercial foreclosure $50,001 - $249,999
  ☐    Commercial foreclosure $250,000 or more
  ☐    Homestead residential foreclosure $0 – 50,000
  ☐    Homestead residential foreclosure $50,001 - $249,999
  ☐    Homestead residential foreclosure $250,000 or more
  ☐    Non-homestead residential foreclosure $0 - $50,000
  ☐    Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐    Malpractice – business
  ☐    Malpractice – medical
  ☐    Malpractice – other professional
☒ Other
  ☐    Antitrust/Trade Regulation
  ☐    Business Transaction
  ☒    Circuit Civil - Not Applicable
  ☐    Constitutional challenge-statute or ordinance
  ☐    Constitutional challenge-proposed amendment
  ☐    Corporate Trusts
  ☐    Discrimination-employment or other
  ☐    Insurance claims
  ☐    Intellectual property
  ☐    Libel/Slander
  ☐    Shareholder derivative action
  ☐    Securities litigation
  ☐    Trade secrets
  ☐    Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
        ☒  Monetary;
        ☒  Non-monetary declaratory or injunctive relief;
        ☒  Punitive

IV. **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

    2

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐  Yes
        ☒  No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒  No
        ☐  Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒  Yes
        ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Ria N. Chattergoon</u>    FL Bar No.: <u>15099</u>
    Attorney or party                            (Bar number, if attorney)

    <u>Ria N. Chattergoon</u>   <u>06/14/2019</u>
    (Type or print name)                     Date

Filing # 91258414 E-Filed 06/18/2019 11:14:29 AM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION**<br>☒ CIVIL   ☐ OTHER<br>☐ DISTRICTS | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER**<br>2019-017929-CA-01 |
| **PLAINTIFF(S)**<br><br>RICARDO T. SANZ | **VS.  DEFENDANT(S)**<br><br>WELLS FARGO BANK, N.A. | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s):   WELLS FARGO BANK, N.A.

c/o Registered Agent

Corporation Service Company

1201 Hays Street, Tallahassee, FL 32301-25-25

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney:   Ria N. Chattergon

whose address is:   RC Law Group, 3900 Hollywood Boulevard, Suite 301, Hollywood, FL 33021
954-400-1620

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,
or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.
When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br><br>**CLERK of COURTS** | DEPUTY CLERK | **DATE**<br>6/18/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson
E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone
(305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than 7 days; if you are hearing or voice impaired,
call 711."**

CLK/CT. 314  Rev. 02/16                                 Clerk's web address: www.miami-dadeclerk.com

Filing # 91258414 E-Filed 06/18/2019 11:14:29 AM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** ☒ CIVIL    ☐ OTHER ☐ DISTRICTS | **SUMMONS 20 DAY CORPORATE SERVICE** (a) GENERAL FORMS | **CASE NUMBER** 2019-017929-CA-01 |
| **PLAINTIFF(S)** RICARDO T. SANZ | **VS.  DEFENDANT(S)** WELLS FARGO BANK, N.A. | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s):    WELLS FARGO BANK, N.A.

c/o Registered Agent

Corporation Service Company

1201 Hays Street, Tallahassee, FL 32301-25-25

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney:   Ria N. Chattergon

whose address is:   RC Law Group, 3900 Hollywood Boulevard, Suite 301, Hollywood, FL 33021

954-400-1620

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN** **CLERK of COURTS** | DEPUTY CLERK | **DATE** 6/18/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 02/16                                                                    Clerk's web address: www.miami-dadeclerk.com

Filing # 92068784 E-Filed 07/03/2019 12:55:53 PM

## IN THE CIRCUIT COURT OF THE
## 11th JUDICIAL CIRCUIT, IN AND
## FOR MIAMI-DADE COUNTY, FLORIDA

RICARDO T. SANZ,                              CASE NO.: 2019-017929-CA-01
       Plaintiffs,

v.

WELLS FARGO BANK, N.A.,
       Defendant.
_____/

## NOTICE OF APPEARANCE AS COUNSEL AND
## REQUEST FOR SERVICE OF PAPERS

**PLEASE TAKE NOTICE** of the appearance of Carmen Rodriguez, Esq. and Zascha Blanco Abbott, Esq. as counsel for Defendant, **WELLS FARGO BANK, N.A.,** in these proceedings.

All parties are requested to take notice of the appearance of this counsel and to serve all copies of any and all motions, orders, pleadings, notices, papers, reports, and/or documents of any kind or nature upon the undersigned counsel. The following email addresses are hereby designated for purpose of service:

Primary Email Address:      service@lgplaw.com

Secondary Email Address:    zba@lgplaw.com; crpa@crlaborlawfirm.com; ars@lgplaw.com

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400

*/s/Zascha Blanco Abbott*
ZASCHA BLANCO ABBOTT
Florida Bar No. 614671
*/s/Carmen Rodriguez*
CARMEN RODRIGUEZ
Florida Bar No. 710385
Law Offices of Carmen Rodriguez, P.A.
*Of Counsel Liebler, Gonzalez & Portuondo*

**CASE NO.: 2019-017929-CA-01**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on <u>July 3, 2019</u> a true and correct copy of the foregoing has

been furnished via E-Mail to: Ria N. Chattergoon, Esq., *Attorneys for Plaintiff,* RC Law Group,

3900 Hollywood Boulevard, Suite 301, Hollywood, FL 33021 (<u>ria@therclawgroup.com</u>).


*/s/ Zascha Blanco Abbott*
ZASCHA BLANCO ABBOTT

Filing # 92096960 E-Filed 07/03/2019 04:28:08 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-017929-CA-01

RICARDO T. SANZ,

      Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME
TO ANSWER COMPLAINT**

      Defendant, WELLS FARGO BANK, N.A. (hereinafter "Defendant"), through its undersigned counsel, Law Offices of Carmen Rodriguez, P.A., hereby files its Unopposed Motion for Extension of Time to Answer the Complaint, and in support thereof state as follows:

      1.     Plaintiff has filed a multi-count Complaint for employment discrimination. Defendant was served on or about June 27, 2019.

      2.     A responsive pleading is due on July 17, 2019.

      3.     Undersigned counsel has just been retained by the Defendant in this matter.

      4.     Undersigned counsel will be out of the country beginning tomorrow, July 3rd and needs additional time to respond to the Complaint.

      5.     In good faith, Defendant seeks an extension in which to file a responsive pleading and states that this Motion is not filed to delay or for any other dilatory purpose.

      6.     Accordingly, Defendant respectfully requests an extension of time to respond to Plaintiff's Complaint through and including July 27, 2019.

1

7.    Counsel for Defendant has conferred with Plaintiff's counsel about this Motion and Plaintiff has no objection to the requested extension.

Dated: July 3, 2019                     Respectfully submitted,

                                        Liebler,Gonzalez & Portuondo
                                        Courthouse Tower - 25th Floor
                                        44 West Flagler Street
                                        Miami, Florida 33130

                                        s/ Carmen Rodriguez
                                        Carmen Rodriguez
                                        Florida Bar No. 710385
                                        Law Offices of Carmen Rodriguez, P.A.
                                        *Of Counsel Liebler, Gonzalez & Portuondo*

                                        s/ Zascha Blanco Abbott
                                        Zascha Blanco Abbott
                                        Florida Bar No. 614671

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via an automatic email generated by the Florida Courts E-Filing Portal on Ria N. Chattergoon, Esquire, RC Law Group, 3900 Hollywood Blvd., Suite 301, Hollywood, Florida 33021, on this 3rd day of July, 2019.

                                        s/Carmen Rodriguez
                                        Carmen Rodriguez

2

Filing # 92126716 E-Filed 07/05/2019 01:10:28 PM

## RETURN OF SERVICE

| State of FL | County of Miami-Dade | Circuit Court/11th Judicial Circuit Court |
|---|---|---|

Case Number: 2019-017929-CA-01

Plaintiff:
**Ricardo T. Sanz**

vs.

Defendant:
**Wells Fargo Bank, N.A.**

For:
RC Law Group
3900 Hollywood Blvd. Suite 301
Hollywood, FL 33021

Received by S & S Legal Services, Inc. on the 26th day of June, 2019 at 8:48 am to be served on Records Custodian **Wells Fargo Bank, N.A. c/o Corporation Service Company as Registered Agent, 1201 Hays St., Tallahassee, FL 32301.**

I, William J. Lord, do hereby affirm that on the **27th day of June, 2019 at 11:45 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons 20 Day Corporate Service,, Civil Cover Sheet, Complaint and Exhibits "A" and "B"** with the date and hour of service endorsed thereon by me, to: **Kaneisha Gross** as **Customer Service Specialist** for **Wells Fargo Bank, N.A.**, at the address of: **1201 Hays St., Tallahassee, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true. No Notary required pursuant to F.S.92.525(2)

**William J. Lord**
#067

**S & S Legal Services, Inc.**
6586 Hypoluxo Rd. # 312
Lake Worth, FL 33467

Our Job Serial Number: PRC-2019001696

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c



Filing # 92148726 E-Filed 07/08/2019 07:53:53 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.: <u>2019-017929-CA-01</u>
SECTION: <u>CA09</u>
JUDGE: <u>Pedro P Echarte Jr.</u>

**Ricardo T. Sanz**

Plaintiff(s) / Petitioner(s)

vs.

**Wells Fargo Bank, N.A.**

Defendant(s) / Respondent(s)

_____/

## AGREED ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT

THIS CAUSE is before the Court upon the Defendant's Unopposed Motion for Extension of Time to Answer Complaint filed on July 3, 2019, and the Court having considered the Motion, it is

ORDERED AND ADJUDGED that Defendant's Motion is GRANTED.  Defendant will file its answer to Plaintiff's Complaint no later than July 27, 2019.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>8th day of July, 2019</u>.

2019-017929-CA-01 07-08-2019 7:39 AM

<u>2019-017929-CA-01 07-08-2019 7:39 AM</u>
Hon. Pedro P Echarte Jr.

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

CaseNo: 2019-017929-CA-01
Page 2 of 2

**Copies Furnished To:**
Carmen M Rodriguez , Email : crpa@crlaborlawfirm.com
Ria N. Chattergoon , Email : ria@saenzanderson.com
Ria N. Chattergoon , Email : ria@therclawgroup.com
Zascha Blanco Abbott , Email : ars@lgplaw.com
Zascha Blanco Abbott , Email : service@lgplaw.com
Zascha Blanco Abbott , Email : zba@lgplaw.com

Filing # 93244625 E-Filed 07/26/2019 03:36:32 PM

**IN THE CIRCUIT COURT OF THE**
**11th JUDICIAL CIRCUIT, IN AND**
**FOR MIAMI-DADE COUNTY, FLORIDA**

RICARDO T. SANZ,                                     CASE NO.: 2019-017929-CA-01

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION**
**OF TIME TO ANSWER COMPLAINT**

WELLS FARGO BANK, N.A., ("Defendant"), by and through the undersigned counsel, respectfully requests the Court to enter an order extending the time allowed for Defendant to Answer the Complaint for a reasonable period of time, and states as grounds:

1. Pursuant to this Court's Order, the response to the Complaint is due to be filed on or before July 27, 2019.

2. Due to the press of other business matters, Defendant requires an extension of time to respond to the Complaint.

3. Therefore, Defendant respectfully requests an extension of time of one week, up to and including August 5, 2019 to respond to the Complaint.

4. The foregoing Motion is made in good faith, not for purposes of delay and will not prejudice any party to this action.

5. Counsel for Defendant conferred with Counsel for Plaintiff and Plaintiff does not oppose the requested extension.

CASE NO.: 2019-017929-CA-01

WHEREFORE, Defendant respectfully requests this honorable Court enter an Order granting Defendant up to and including August 5, 2019 to file its response to the Complaint.

LIEBLER, GONZALEZ & PORTUONDO
*Attorneys for Suntrust Bank*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:    */s/ Zascha Blanco Abbott*
ZASCHA BLANCO ABBOTT
Florida Bar No. 614671

*/s/ Carmen Rodriguez*
CARMEN RODRIGUEZ
Florida Bar No. 710385
Law Office of Carmen Rodriguez, P.A.
*Of Counsel Liebler, Gonzalez & Portuondo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 26, 2019 a true and correct copy of the foregoing has been furnished via E-Mail to: Ria N. Chattergoon, Esq., *Attorneys for Plaintiff,* RC Law Group, 3900 Hollywood Boulevard, Suite 301, Hollywood, FL 33021 (ria@therclawgroup.com).

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.: <u>2019-017929-CA-01</u>
SECTION: <u>CA09</u>
JUDGE: <u>Echarte, Pedro (CA09)</u>

**Ricardo T. Sanz**

Plaintiff(s) / Petitioner(s)

vs.

**Wells Fargo Bank, N.A.**

Defendant(s) / Respondent(s)

_____/

## <u>AGREED ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT</u>

THIS CAUSE is before the Court upon the Defendant's Unopposed Motion for Extension of Time to Answer Complaint filed on July 26, 2019, and the Court having considered the Motion, it is

ORDERED AND ADJUDGED that Defendant's Motion is GRANTED. Defendant will file its answer to Plaintiff's Complaint no later than August 5, 2019.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this _____.

_____

**CIRCUIT JUDGE**

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL     ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2019-017929-CA-01 |
|---|---|---|
| PLAINTIFF(S)<br><br>RICARDO T. SANZ | VS.  DEFENDANT(S)<br><br>WELLS FARGO BANK, N.A. | SERVICE<br>CERTIFIED PROCESS SERVER # 007<br>SECOND JUDICIAL CIRCUIT COURT OF FLORIDA<br>DATE SERVED 6-27-19 TIME 11:45A |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s):  WELLS FARGO BANK, N.A.

c/o Registered Agent

Corporation Service Company

1201 Hays Street, Tallahassee, FL 32301-25-25

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney:  Ria N. Chattergon

whose address is:  RC Law Group, 3900 Hollywood Boulevard, Suite 301, Hollywood, FL 33021

954-400-1620

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,
or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.
When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| HARVEY RUVIN<br><br>CLERK of COURTS | | DATE<br>6/18/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson
E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone
(305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than 7 days; if you are hearing or voice impaired,
call 711."**

Filing # 91119758 E-Filed 06/14/2019 12:52:24 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Ricard T Sanz</u>
Plaintiff

vs.

<u>Wells Fargo Bank, N.A.</u>
Defendant

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence -- other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability -- commercial
  - ☐ Premises liability -- residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – $50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice -- business
  - ☐ Malpractice -- medical
  - ☐ Malpractice -- other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
     ☒   Monetary;
     ☒   Non-monetary declaratory or injunctive relief;
     ☒   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

     <u>2</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐   Yes
     ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒   No
     ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒   Yes
     ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Ria N. Chattergoon</u>    FL Bar No.: <u>15099</u>
      Attorney or party                           (Bar number, if attorney)

    <u>Ria N. Chattergoon</u>   <u>06/14/2019</u>
      (Type or print name)                      Date

Filing # 91119758 E-Filed 06/14/2019 12:52:24 PM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

Case No.

RICARDO T. SANZ,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.

        Defendant.

_____/

## COMPLAINT

Plaintiff RICARDO T. SANZ ("Plaintiff"), by and through his undersigned attorney, makes the following Complaint against Defendant WELLS FARGO BANK, N.A. ("Defendant"):

### JURISDICTION

1.    This is an action for damages and other relief pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*, ("FCRA").

2.    This court has jurisdiction as the damages sought by Plaintiff exceed $15,000.00.

3.    Venue is proper because the acts complained of by Plaintiff occurred within this judicial district and because the Defendant has a principal place of business within this judicial district.

### PARTIES

4.    Plaintiff is and at all times relevant to this Complaint has been an adult resident of Miami-Dade County, Florida.

Case No.

6.     At all times material to this Complaint, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

7.     Defendant is a corporation organized and doing business pursuant to the laws of the State of Florida, with a principal place of business in Miami-Dade County, Florida.

8.     At all times relevant to this Complaint, Defendant employed more than 20 employees within one week and was and remains an "employer" as that term is defined in the FRCA.

## PROCEDURAL REQUIREMENTS

11.     On or about June 13, 2018, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging age discrimination and retaliation in employment. *See* **Exhibit "A."**

12.     On or about April 30, 2019, the EEOC issued a Right to Sue letter to Plaintiff. *See* **Exhibit "B."**

13.     This Complaint is filed within 90 days of Plaintiff's receipt of the Notice Right to Sue letter and subsequent to 180 days of filing with the FCHR.

14.     All conditions precedent to the bringing of this action have been satisfied.

## GENERAL ALLEGATIONS

15.     Plaintiff is a 60-year-old Hispanic male.

16.     Plaintiff is a former Regional Private Banking Manager, with over 41 years of banking experience.

17.     Plaintiff worked for Defendant and its predecessor for the last the last 30 years.

2

Case No.

18.    Plaintiff spent 19 years in his role as a Regional Private Banking Manager with Defendant.

19.    During his employment with Defendant, Plaintiff always received commendable evaluations and was consistently recognized for his success.

20.    During his last 9 years of employment, Plaintiff never received a pay increase because he was told that he was "too close to the maximum" salary.

21.    In July 2016, Plaintiff's Market Manager, Jason Williams, was promoted to Senior Regional Manager in another market.

22.    Plaintiff asked Greg Bronstein, his Senior Regional Manager, whether he was being considered as a possible candidate for the open Market Manager position vacated by Mr. Williams.

23.    Mr. Bronstein assured Plaintiff that he was qualified and encouraged him to apply.

24.    Plaintiff applied for the position but did not make it to the final round of interviews for the Regional Manager position. He was not provided with a reason.

25.    In late August 2016, Jeff Haines, who is younger than Plaintiff, was named as the new Market Manager. Jeff Haines has less banking and investment experience than Plaintiff.

26.    In November 2016, during a what was supposed to be a standard check-in meeting with Mr. Haines and Jayne Hill (who is younger than Plaintiff), Business Line Leader, Plaintiff was informed that they wanted him to move his team to be more "on model." Neither expressed how Plaintiff was not on model and they did not specify what measurable they believed he was not meeting.

3

Case No.

27.     Two months later, Plaintiff again met with Mr. Haines and Ms. Hill.  Despite the excellent financial results and strong performance in the market, Plaintiff was told that it was his responsibility to lead areas that did not report to him in order to generate loan business.

28.     Plaintiff was again told he needed to be "on model" although Plaintiff's measurables were in line with other markets in the region at that time.

29.     Significantly, at that time, the balance sheets and revenue growth for the last 6 years were the best overall within the market wherein Plaintiff worked.

30.     During this time Defendant was simultaneously undergoing a scandal regarding its sales practice that began to affect and, is still affecting, new client acquisition and hiring across the company.

31.     In April 2017, Plaintiff received his performance evaluation, which included vague comments citing a few areas of weakness and a catch all of not being "on model" but that dismissive of all of Plaintiff's significant accomplishments.

32.     As a final comment, Mr. Haines stated that he was thinking of rating Plaintiff as non-performing but decided to state that he was performing.

33.     Plaintiff responded in writing to his evaluation objecting to certain comments made by Mr. Haines.

34.     Mr. Haines viewed Plaintiff's written response.

35.     In June 2017, Mr. Haines and Ms. Hill met with Plaintiff to inform him that they did not like a meeting he had with another group of employees to generate loan business.

36.     Plaintiff pointed out that he had sent the agenda for the meeting to the both of them and had received no comments.

Case No.

37.   On June 22, 2017, Plaintiff was placed on an informal warning with some very short time frames for "improvement."

38.   Plaintiff then made a formal complaint to Defendant's Human Resources Department that he believed that he was being discriminated against because of his age and that he was being targeted and reprimanded in an attempt to set him up to be terminated.

39.   In response, Defendant's Human Resources department informed Plaintiff that they could not do anything about the matter.

40.   Following Plaintiff's complaint, a recruiter, Bob Peyser, who Plaintiff used to search for candidates called him to ask him if he was retiring.

41.   Mr. Peyser informed him that one of his prospects told him Mr. Haines interviewed him for Plaintiff's job.

42.   In October 2017, Plaintiff was placed under a Performance Improvement Plan ("PIP").

43.   Plaintiff again objected to the PIP. In response, Defendant claimed that the delay in the warnings and performance improvement plan was a result of Hurricane Irma.

44.   Plaintiff again complained that he believed his termination was inevitable that he was being retaliated against.

45.   Mr. Haines and Ms. Hill responded that they "did not want to continue with this and suggested he take a job as a producer (a position that Plaintiff supervised)."

46.   Plaintiff declined the demotion.

47.   Between November and January 2018, Plaintiff was again offered a demotion.

48.   After he refused, he was terminated on February 6, 2018.

5

Case No.

49.     Plaintiff was replaced by Greg Rolle, who is Caucasian and approximately 10 years younger than Plaintiff.

50.     Mr. Rolle has no wealth banking experience.

51.     Defendant also demoted two Banking Managers, Lawrence Katz and Jim Mallot, who were both over the age of 50 to producer roles.

### COUNT I: AGE DISCRIMINATION IN VIOLATION OF FCRA
### Fla. Stat. § 760.10(1)

52.     Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint as if they were fully stated herein.

53.     Age is not a bona fide occupational qualification for any of the positions Plaintiff held while employed with Defendant.

54.     At all times material to this Complaint, Plaintiff performed his job as an employee of Defendant efficiently and satisfactorily.

55.     On or about February 6, 2018, Defendant discharged Plaintiff from his employment because of Plaintiff's age.

56.     Defendant relied on a pretextual explanation for Plaintiff's discharge that was designed to mask a discriminatory intent.

57.     Defendant had a pattern and practice of demoting long-term employees who were older.

58.     Defendant's discharge of Plaintiff constituted an unlawful employment practice in violation of Fla. Stat. § 760.10.

59.     At the time the decision to discharge the Plaintiff was made, Defendant acted willfully and maliciously, with knowledge that Plaintiff's discharge violated the FRCA or in reckless disregard of that fact.

6

Case No.

60.     As a direct, substantial, and proximate result of Plaintiff's discriminatory discharge, Plaintiff has suffered and will continue to suffer substantial economic and noneconomic harm, including but not limited to:

        a.     loss of salary, including vacation pay and paid leave;

        b.     loss of health benefits;

        c.     loss of pension benefits;

        d.     present and future emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff seeks judgment on this claim:

        a.     Determining that Defendant is liable for violations of the FRCA;

        b.     Awarding compensatory damages for Plaintiff's economic losses suffered by Plaintiff, including back pay and the value of lost benefits, and for Plaintiff's present and future emotional distress, anguish, humiliation, embarrassment, and loss of enjoyment of life;

        c.     Awarding punitive damages;

        d.     Granting equitable relief in the form of an award of front pay for loss of future income and benefits or, in the alternative, reinstatement to her position;

        e.     Granting equitable relief in the form of an injunction prohibiting Defendant from committing further violations of the FRCA;

        f.     Awarding prejudgment interest;

        g.     For the costs of this action, including a reasonable award of attorney's fees;

        h.     For such other and further relief as may be just.

Case No.

## COUNT II: RETALIATION IN VIOLATION OF FCRA

61.     Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs of this Complaint as if they were fully stated herein.

62.     Plaintiff complained to Defendant's Human Resources' Department that he was being discriminated against because of his age before he was given a PIP, offered a demotion and terminated.

63.     Defendant retaliated against Plaintiff and was substantially motivated to give Plaintiff a PIP, demote him and terminate him because he engaged in activities that are protected by the FCRA.

64.     At the time the decision to discharge the Plaintiff was made, Defendant acted willfully and maliciously, with knowledge that the actions taken against Plaintiff was based on an activity protected by the FRCA or in reckless disregard of that fact.

65.     As a direct, substantial, and proximate result of Plaintiff's retaliatory discharge, Plaintiff has suffered and will continue to suffer substantial economic and noneconomic harm, including but not limited to:

        a.     loss of salary, including vacation pay and paid leave;

        b.     loss of health benefits;

        c.     loss of pension benefits;

        d.     present and future emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff seeks judgment on this claim:

        a.     Determining that Defendant is liable for violations of the FCRA;

8

Case No.

b.      Awarding compensatory damages for economic losses suffered by Plaintiff, including back pay and the value of lost benefits, and for Plaintiff's present and future emotional distress, anguish, humiliation, embarrassment, and loss of enjoyment of life;

c.      Awarding punitive damages;

d.      Granting equitable relief in the form of an award of front pay for loss of future income and benefits or, in the alternative, reinstatement to her position;

e.      Granting equitable relief in the form of an injunction prohibiting Defendant from committing further violations of the FRCA;

f.      Awarding prejudgment interest;

g.      For the costs of this action, including a reasonable award of attorney's fees;

h.      For such other and further relief as may be just.

### DEMAND FOR JURY TRIAL

Plaintiff, RICARDO T. SANZ, demands trial by jury of all issues triable as of right by a jury.

Dated: June 14, 2019.

Respectfully submitted,

By:/s/ Ria N. Chattergoon
Ria N. Chattergoon, Esquire
Fla. Bar No.: 015099
Email: ria@therclawgroup.com
RC Law Group
3900 Hollywood Boulevard, Suite 301
Hollywood, FL 33021
Telephone: (954) 400-1620
Facsimile:  (954) 400-1676

9

EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| Florida Commission On Human Relations | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>Ricardo Tomas Sanz | Home Phone (Incl. Area Code)<br>305-322-3285 | Date of Birth<br>08-26-58 |
|---|---|---|

Street Address: 11325 S.W. 68th Court, Pinecrest, FL 33156    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>Wells Fargo, Inc. | No. Employees, Members<br>100+ | Phone No. (Include Area Code) |
|---|---|---|

Street Address: 333 S.E. 2nd Avenue, 23rd Floor, Miami, FL 33131 (local address)    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest<br>11-2016 | Latest<br>02-06-2018 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a 59-year-old former Regional Private Banking Manager, with over 41 years of banking experience, the last 30 years of which has been with Wells Fargo. I spent 19 years in his role as a Regional Private Banking Manager. During my employment, I always received commendable evaluations and was consistently recognized for my continued success at Wells Fargo. In late August 2016, Jeff Haines was named as the new Market Manager. Almost immediately, Mr. Haines informed me that he was aware that I had applied for the position of Market Manager. At that time, I was told that I needed to be more "on model" without being given any specifics. Significantly, at that time, my team was meeting and exceeding all known model metrics for Wells Fargo.

In April 2017, I received my performance evaluation, which included vague comments citing a few areas of weakness and a catch all of not being "on model." As a final comment, Mr. Haines stated that he was thinking of rating me as non-performing but decided to state that I was performing. I provided a rebuttal to Mr. Haines' evaluation, which was viewed by Mr. Haines. In June 2017, Mr. Haines met with me to inform me that he did not like a meeting that I had with another group of employees to generate loan business. I pointed out that I had sent the agenda for the meeting and had received no comments. One month later, on June 22, 2017, I was placed on an informal warning with some very short time frames for "improvement." I subsequently made a formal complaint to Wells Fargo's Human Resources Department that I was being discriminated against because of my age and that I was being targeted and reprimanded in an attempt to set me up to be terminated. In response, the Human Resources department informed me that they could not do anything about the matter. Following my complaint, a recruiter, Bob Peyser, who I used to search for candidates called me to ask me if I was retiring. Mr. Peyser informed me that one of his prospects told him Mr. Haines interviewed him for my job. In October 2017, I was placed under a Performance Improvement Plan. Wells Fargo claimed that the delay in the warnings was a result of Hurricane Irma. I again stated that I believed my termination was inevitable and that I was being retaliated against. Mr. Haines responded that he "did not want to continue with this and suggested he take a job as a producer (a position that I supervised)." I declined the demotion. Between November and January 2018, I was again offered a demotion. After I refused, I was terminated on February 6, 2018.

I believe Respondent discriminated and retaliated against me because of my age in violation of the ADEA and the Florida Civil Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/12/18<br>Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 06/12/2018 |

EEOC Form 161-B (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION    **EXHIBIT B**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Ricardo T. Sanz<br>11325 S. W. 68th Court<br>Pinecrest, FL 33156 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2018-05103 | Yolanda Ramirez,<br>Investigator | (305) 808-1767 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Nilza Santo Wright*                           APR 3 0 2019

Enclosures(s)

Michael J. Farrell,
District Director

(Date Mailed)

cc:     **Respondent Representative:**
Marcia Kerwin, Legal EEO Consultant
Wells Fargo Legal Department
90 South 7th Street
9th Floor - Mac: N9305-09r
Minneapolis, MN 55402

**Charging Party Representative:**
Ria Chattergoon, Esq.
RC Law Group
3900 Hollywood Boulevard, Suite 301
Hollywood, FL 33021

Enclosure with EEOC