# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 19-23122-CIV-COOKE/GOODMAN

RICARDO T. SANZ,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

### *SUA SPONTE* REPORT AND RECOMMENDATIONS RECOMMENDING THAT DISCOVERY DEADLINE BE EXTENDED

The Undersigned has held several discovery hearings in this case over the past several weeks (October 16, 2020; October 23, 2020; and October 29, 2020). It has become clear to the Undersigned that this case is not in a posture to move forward, due to the fault of both parties, and that the current timing of discovery is unworkable. Accordingly, as discussed further below, the Undersigned **respectfully recommends** that United States District Judge Marcia G. Cooke extend the current discovery deadline of October 30, 2020 by **two months** and issue an amended scheduling order accounting for the discovery extension.

The parties are currently subject to an October 30, 2020 discovery deadline. [ECF No. 27]. According to the parties, they were previously on track with discovery. However,

according to Plaintiff's counsel, depositions of fact witnesses were delayed for several months, due to Defendant's failure to provide workable dates, among other reasons. When she finally took these depositions, she learned that Defendant changed its theory about the comparators it used, so she needed to dramatically modify the focus of her discovery. On August 24, 2020, Plaintiff's counsel served second and third requests for production, a second set of interrogatories, and requests for admission. Defendant received a two-week extension for the voluminous discovery, and, on October 1, 2020, served its responses and objections.

The parties could not agree on many of the objections (on approximately 50 discovery requests) and the Undersigned held a discovery hearing on these objections on October 16, 2020. The Undersigned issued a post-discovery hearing administrative order requiring Defendant to respond to many of the requests by October 23, 2020 (Second RFP Nos. 2-20 and Third RFP Nos. 1-2, 4-7, & 9-11), and ordered the parties to conduct the outstanding Rule 30(b)(6) depositions before the end of the discovery deadline of October 30, 2020. [ECF No. 41].

The parties came before the Undersigned again on October 29, 2020 because many of the document requests were still outstanding -- Second RFP Nos. 2, 4, 8, & 9; Third RFP Nos. 1 & 2; and objections to requests for admission that have not been ruled upon yet. The Undersigned learned that Defendant has not yet started the e-discovery third party vendor project that would be required to get a complete and accurate production for

Third RFP Nos. 1 & 2 and has instead relied upon an old-fashioned informal request that the fact witnesses, some of whom who may not be proficient in ESI search technology, to search their own computers for responsive emails and documents. And regarding some requests, defense counsel has not even begun the process of getting responses through the informal process. According to defense counsel, the proper e-discovery vendor route will take approximately 30 days to complete.

Additionally, the scheduling of the Rule 30(b)(6) deponents has fallen apart, and due to scheduling conflicts and miscommunications between counsel, three topics still remain (to be handled by three different representatives).

Finally, each attorney has made allegations of bad faith against opposing counsel and the level of acrimony is high. Thus, one feature of yesterday's discovery hearing was the "you're misrepresenting to the court"/ "no, you're misrepresenting to the Court." The Undersigned has no logical and efficient way to sort through these mirror image allegations of bad faith to see who is providing an accurate depiction.

As I mentioned to the parties in yesterday's hearing, the discovery status is a mess. Defendant contends that some discovery requests are overbroad. Plaintiff's counsel does not want to complete the Rule 30(b)(6) deposition without all the responsive documents, and Defendant Wells Fargo is nowhere near ready to produce all the responsive documents.

The Undersigned believes that the only way out of this mess is to give the parties

additional time for discovery. Otherwise, both sides will be unduly prejudiced. Accordingly, the Undersigned **respectfully recommends** that Judge Cooke extend the current discovery deadline of October 30, 2020 by **two months** and issue an amended scheduling order accounting for the discovery extension.

**Objections**

The parties will have four (4)[1] days from the date of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within four (4) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d

---

[1] The Undersigned is shortening the time for objections due to the rapidly approaching deadlines in this case and because the issues are relatively straightforward and simple.

790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, October 30, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record