# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICARDO T. SANZ,                                              CASE NO.: 19-CV-23122

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

### DEFENDANT'S NOTICE OF SERVING VERIFIED AMENDED ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, WELLS FARGO BANK, N.A., ("Defendant"), on this 17th day of January 2020, by and through the undersigned counsel hereby responds to the First Set of Interrogatories propounded by Plaintiff, RICARDO T. SANZ ("Plaintiff"). The following responses[1] are based on information known to Defendant as of the date of the responses, and as discovery is continuing, Defendant reserves the right to amend these responses.

**Interrogatory No.1** - Identify the person answering each interrogatory and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

**ANSWER:**

**The responses are corporate responses of Defendant, prepared by Counsel and verified by an authorized representative:**

**Cathy Tautkus**
**Employee Relations Senior Consultant**
**c/o Counsel for Defendant**
**Liebler, Gonzalez & Portuondo**
**Courthouse Tower**
**25th Floor**
**44 West Flagler Street**

---

[1] Defendant will serve a privilege log within 14 days if applicable.

Miami, Florida  33130

**Interrogatory No. 2** - Identify any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action. In your response, please identify the believed knowledge or information and/or fact known by each individual and his/her last known address and telephone number.

**ANSWER:**

**Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Defendant states:**

    1.    **Plaintiff, Ricardo (Richard) Sanz**
           **c/o Plaintiff's Counsel**
           **Ria N. Chattergoon, Esquire**
           **RC Law Group**
           **3900 Hollywood Blvd**
           **Suite 301**
           **Hollywood, FL 33021**

    Plaintiff is likely to have discoverable information regarding his former employment with Defendant, his job duties and the allegations contained in his Complaint.

    2.    **Jeff Haines**
           **c/o Counsel for Defendant**
           **Liebler, Gonzalez & Portuondo**
           **Courthouse Tower**
           **25th Floor**
           **44 West Flagler Street**
           **Miami, Florida 33130**
           **(305) 379-0400**

    **Mr. Haines is likely to have discoverable information regarding Plaintiff's employment with Defendant as well as Defendant's policies and procedures.**

CASE NO.: 19-CV-23122

3. **Jayne Hill**
   **c/o Counsel for Defendant**
   **Liebler, Gonzalez & Portuondo**
   **Courthouse Tower**
   **25th Floor**
   **44 West Flagler Street**
   **Miami, Florida 33130**
   **(305) 379-0400**

Ms. Hill is likely to have discoverable information regarding Plaintiff's employment with Defendant as well as Defendant's policies and procedures.

4. **Nilima Patel**
   **c/o Counsel for Defendant**
   **Liebler, Gonzalez & Portuondo**
   **Courthouse Tower**
   **25th Floor**
   **44 West Flagler Street**
   **Miami, Florida 33130**
   **(305) 379-0400**

Ms. Patel is likely to have discoverable information regarding Plaintiff's employment with Defendant as well as Defendant's policies and procedures.

5. **Jason Williams**
   **c/o Counsel for Defendant**
   **Liebler, Gonzalez & Portuondo**
   **Courthouse Tower**
   **25th Floor**
   **44 West Flagler Street**
   **Miami, Florida 33130**
   **(305) 379-0400**

Mr. Williams is likely to have discoverable information regarding Plaintiff's employment with Defendant as well as Defendant's policies and procedures.

6. **Greg Bronstein**
   **c/o Counsel for Defendant**
   **Liebler, Gonzalez & Portuondo**
   **Courthouse Tower**
   **25th Floor**
   **44 West Flagler Street**
   **Miami, Florida 33130**

CASE NO.: 19-CV-23122

(305) 379-0400

**Mr. Bronstein is likely to have discoverable information regarding Plaintiff's employment with Defendant as well as Defendant's policies and procedures.**

7.  Any witnesses listed by Plaintiff in his discovery responses and/or initial disclosures.

**Defendant states that discovery is ongoing.**

**Interrogatory No.3** - Please describe in detail the following information with respect to Plaintiff's employment with Defendant:

(a)   Salary for the past 10 years;
(b)   Benefits, including all medical and financial benefits;
(c)   Job titles and duties during his entire employment period with Defendant and identify whether any job descriptions exist.

**ANSWER:**

**Pursuant to Federal Rule of Civil Procedure 33(d), Defendant states see the personnel documents for Plaintiff that Defendant has agreed to produce.**

**Interrogatory No. 4 -** Please provide the names, telephone number, address, and age of each Regional Private Banking Manager employed by you, from February 6, 2008 to the present. If an employee you identified has been terminated, please state the reason for termination. In your response, please identify any document used to aid your response by bates letter or number. (Plaintiff is willing to discuss limiting the geographic scope providing the parties have a discussion regarding how the regions are divided)

**ANSWER:**

CASE NO.: 19-CV-23122

**Defendant objects to this interrogatory because it seeks information not relevant to this action and not proportional to the needs of this case, is overly broad, harassing and unduly burdensome because it is not limited to a relevant location or relevant time period and is invasive of the privacy of individuals not a party to this action. Defendant further objects because the request seeks confidential information. Subject to and without waiving these objections, and subject to the execution of a confidentiality stipulation, Defendant states see the list that Defendant has agreed to produce in response to the request for production no. 8.**

**Interrogatory No.5 -** Please describe any complaints made against Plaintiff, by any individual, with regard to his performance from 2008 to his termination. In your answer, identify the person(s) making the complaint, provide the last known telephone number and address of each person who made a complaint, the subject of the complaint and identify any documents used to answer this interrogatory by bates number or letter.

**ANSWER:**

**Pursuant to Federal Rule of Civil Procedure 33(d), Defendant states see the personnel documents for Plaintiff that Defendant has agreed to produce.**

**Interrogatory No.6 -** Please provide a written description of what it means to be "On Model" as stated in the informal warning provided to Plaintiff on June 22, 2017.

**ANSWER:**

**Plaintiff was not on model because he was not working as part of a team as the new model encouraged. His team did not embrace the discovery process for new clients or use the Bank's resources to work with other members of the team and gain new clients as was encouraged by the new model. Sanz team was not producing as expected because Sanz mismanaged priorities and continued to focus on client development from an individual perspective instead of as part of a collaborative approach.**

**Interrogatory No.7** - Please state whether Plaintiff was provided with any pay increases during the last 9 years of his employment. If Plaintiff was not provided with an increase, please provide the reasons for the same.

**ANSWER:**

**Plaintiff was not provided with pay increases in the last 9 years of his employment because at the time of Ricardo Sanz's separation from employment from Defendant, Mr. Sanz had an annual base pay of $205,094.88. This is above the highest salary for the position and above the career position limit in salary.**

**Interrogatory No.8** - Please state who made the decision to promote Jeff Haines and the reasons for said promotion.

**ANSWER:**

**Defendant objects to this interrogatory because it seeks information not relevant to this action and not proportional to the needs of the case because it is not limited to a relevant time period or a relevant position. Subject to and without waiving these objections, Defendant states:**

**Greg Bronstein selected Jeff Haines for the open Regional Managing Director position in August 2016 from the candidates who had final interviews for the position. Jeff Haines was selected because he was the most qualified of the candidates.**

**Interrogatory No.9** - Please identify the process Defendant used for finding a replacement for Plaintiff, including but not limited to, any name and contact information for any recruiter used and the date Defendant began interviewing candidates for Plaintiff's position.

**ANSWER:**

**Defendant followed its regular policies and procedures to find the replacement for Plaintiff. See also response to request for production no. 2.**

**Interrogatory No.10** - Please state whether your Human Resources Department conducted any investigation based on Plaintiff's complaints. In your response, please state the name, telephone number and address of the person who conducted the investigation; the outcome of the investigation and whether disciplinary actions were taken against any persons involved. In your response, please identify any document used to aid your response by bates letter or number.

**ANSWER:**

**After receiving corrective action, Mr. Sanz submitted a memorandum to HR, dated June 30, 2017 to ER Solutions claiming that he was targeted for termination based on his age. Assigned Employee Relations Consultant Karen Lucherk set up a meeting with Mr. Sanz which took place on July 5, 2017. During the meeting, Mr. Sanz admitted that no one had mentioned to him that he was old or had referenced his age in any manner. Ms. Lucherk closed the investigation on September 5, 2017 after Mr. Sanz failed to respond to her August 11, 2017 email asking him how he would like to proceed. Defendant also states see attached HR notes regarding investigation.**

**Interrogatory No.11** - Please identify who made the decision to terminate Plaintiff and the date that decision was made.

**ANSWER:**

**The decision was made jointly by Jeff Haines and Jayne Hill after Plaintiff declined a different position that was offered to him. The termination was effective on February 6, 2018.**

**Interrogatory No. 12** - Please identify all the name, address, telephone number, age and date of hire for the individual or individuals who replaced Plaintiff as Regional Banking Manager

**ANSWER:**

**Defendant hired Greg Roll on or about May 21, 2018 into the position of Regional Private Banking Manager position. Mr. Roll's date of birth is ▓▓▓ 1967. Mr. Roll can be contacted through counsel for Defendant.**

**Interrogatory No.13 -** Please describe the job duties and responsibilities and pay scale of a "producer."

**ANSWER:**

**Defendant objects because the interrogatory seeks information not relevant to this action and not proportional to the needs of the case because it is not limited to a relevant time period. Defendant also objects to this interrogatory because it is vague and ambiguous because the term "job duties and responsibilities" is not defined. Subject to and without waiving its objections, and subject to the execution of a confidentiality stipulation, Defendant produces the attached the job description for the position of "WM Private Banking Advisor (Safe)" and "WM Sr. Private Banker (Safe) 5" as these positions were known as "producer" for the relevant time period.**

**Interrogatory No.14 -** Please state whether Lawrence Katz was demoted and identify the date he was demoted, the reason for his demotion and his date of birth.

**ANSWER:**

**Defendant objects to this interrogatory because it seeks information not relevant to this action and not proportional to the needs of this case because it seeks confidential information relating to an individual who is not party to this action and who had no relation to Plaintiff's claims. Defendant also objects because the interrogatory is invasive of the privacy of an individual not a party to this action. Defendant also objects because the request seeks confidential and proprietary information.**

**Interrogatory No.15 -** Please state whether Jim Mallot was demoted and identify the date he was demoted, the reason for his demotion and his date of birth.

**ANSWER:**

**Defendant objects to this interrogatory because it seeks information not relevant to this action and not proportional to the needs of this case because it seeks confidential information relating to an individual who is not a party to this action and who had no relation to Plaintiff's claims. Defendant also objects because the interrogatory is invasive of the privacy of an individual not a party to this action. Defendant also objects because the request seeks confidential and proprietary information.**

CASE NO.: 19-CV-23122

**Interrogatory No.16 -** Please state the names of all Regional Private Banking Managers, including their ages, who were demoted and/or terminated between 2016 and 2018.

**ANSWER:**

**Defendant objects to this interrogatory because it seeks information not relevant to this action and not proportional to the needs of this case, is overly broad, harassing and unduly burdensome because it is not limited to a relevant location or relevant time period and is invasive of the privacy of individuals not a party to this action. Defendant further objects because the request seeks confidential information. Subject to and without waiving these objections, and subject to the execution of a confidentiality stipulation, Defendant states see the list that Defendant has agreed to produce in response to the request for production no. 8.**

## VERIFICATION

By: _/s/ Cathy Tautkus_
Signature

Cathy Tautkus
Printed Name

1/22/20
CT

STATE OF CALIFORNIA )
                    :ss
COUNTY OF LOS ANGELES )

The foregoing instrument was acknowledged before me this _____ day of January, 2020, by Cathy Tautkus, Wells Fargo Bank, N.A., Employee Relations Senior Consultant, and who is personally known to me or who produced _____ as identification.

PLEASE SEE ATTACHED DOCUMENT
_____

PLEASE SEE ATTACHED DOCUMENT
_____
Print Name:
Notary Public – State of California
My Commission Expires:

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_

On _01/22/2020_ before me, _Kambiz Tangestanifar, Notary Public_,
    Date                              Here Insert Name and Title of the Officer

personally appeared _Cathy Tautkus_
                                     Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                Signature of Notary Public

[Seal: KAMBIZ TANGESTANIFAR, COMM. #2220667, NOTARY PUBLIC - CALIFORNIA, LOS ANGELES COUNTY, My Commission Expires 11/04/2021]

Place Notary Seal Above

――――――――――― OPTIONAL ―――――――――――
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

Description of Attached Document
Title or Type of Document: _Defendants Notice of Serving Verified Amended Answers to Plaintiff First set of Interrogatories_
Document Date: _01/22/2020_      Number of Pages: _11_
Signer(s) Other Than Named Above: _none_

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _Cathy Tautkus_
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☒ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

CASE NO.: 19-CV-23122

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Zascha Blanco Abbott*
ZASCHA BLANCO ABBOTT
Florida Bar No. 614671

/*s/Carmen Rodriguez*
CARMEN RODRIGUEZ
Florida Bar No. 710385
Law Offices of Carmen Rodriguez, P.A.
*Of Counsel Liebler, Gonzalez & Portuondo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 22nd day of January, 2020 a true and correct copy of the foregoing was served via e-mail on Ria N. Chattergoon, Esquire, RC Law Group, 3900 Hollywood Blvd., Suite 301, Hollywood, FL 33021 - ria@therclawgroup.com.

*/s/ Zascha B. Abbott*
ZASCHA BLANCO ABBOTT

# Response to Interrogatory 13

**Job Title:  WM PRIVATE BNKG ADVISOR (SAFE)**

Use of this job requires additional approvals. Please contact: WIM Compensation. Develops new and manages existing High Net Worth client relationships (typical relationship size of $5MM+). Works as part of a Wealth team that utilizes an integrated planning approach to recommend strategies that utilize Wells Fargo's individual and institutional capabilities to create, enhance, and maintain client wealth. Advises clients on banking solutions to meet the client s overall financial objectives. Leads the credit process and is accountable for the client's end-to-end credit experience. Delivers, constructs, and implements complex custom credit and deposit strategies and solutions to clients. Utilizes strong banking practices to strategize and advise clients on appropriate credit and deposit strategies and products and to manage the most complex customized credit portfolios. Provides training and guidance to less experienced bankers. Incumbents have excellent sales and relationship management skills, exceptionally strong credit skills, and a deep understanding of deposit products and treasury management services. Maintains effective risk management through routine education, sound risk and operational decision making, and adherence to policies/procedures. Deals with clients ethically and fairly, acts in the best interest of the client, and avoids impermissible conflicts of interest. This SAFE position has customer contact and job duties which may include the offering/negotiating of terms and/or taking an application for a dwelling secured transaction. As such, this position requires compliance with the S.A.F.E. Mortgage Licensing Act of 2008 and all related regulations. Ongoing employment is contingent upon meeting all such requirements, including acceptable background investigation results.  Individuals in a SAFE position also must meet the Loan Originator requirements under Regulation Z (LO) outlined in the job expectations below.

**Job Title:  WM Sr Private Banker (SAFE) 5**

Use of this job requires additional approvals. Please contact: WIM Compensation. Manages the most complex and sophisticated banking relationships with Ultra High Net Worth and/or Family Wealth clients.  Utilizes strong credit expertise to advise clients on appropriate solutions. Manages the largest and most complex customized credit portfolios. Consults with team and clients to develop risk management and full balance sheet solutions using an integrated approach to meet client financial objectives. Develops new and expands current relationships by partnering across the Wells Fargo enterprise. Markets capabilities, objectives and client segmentation strategy throughout WF. Analyzes financial, tax and credit needs of clients, monitors clients' risk profile and changing needs. Prepares loan packages for credit review and underwriting. Ensures records are maintained within policy guidelines. Facilitates the implementation of strategies that utilize Wells Fargo institutional capabilities to create and enhance client wealth. Provides training and guidance to less experienced Private Bankers. Incumbents have excellent sales/relationship management and teaming skills; an established external presence; exceptionally strong credit skills and deposit understanding. Ability to deliver highly complex credit/deposit solutions to clients.  Incumbents have knowledge of non-traditional bank products and services to meet unique client needs. This SAFE position has customer contact and job duties which may include the offering/negotiating of terms and/or taking an application for a dwelling secured transaction. As such, this position requires compliance with the S.A.F.E. Mortgage Licensing Act of 2008 and all related regulations. Ongoing employment is contingent upon meeting all such requirements, including acceptable background investigation results.  Individuals in a SAFE position also must meet the Loan Originator requirements under Regulation Z (LO) outlined in the job expectations below.