UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-23122-CIV-COOKE/GOODMAN

RICARDO T. SANZ,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

# ORDER GRANTING IN PART/DENYING IN PART
# PLAINTIFF'S MOTION FOR SPOLIATION

United States District Judge Marcia G. Cooke referred this civil rights case to the Undersigned "for appropriate resolution of all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions." [ECF No. 4].

Plaintiff, Ricardo Sanz, filed a motion for sanctions against Defendant, Wells Fargo Bank, because of the alleged spoliation of a physical file containing "documents relating to Mr. Sanz." [ECF No. 62]. Defendant filed a response, averring there is no spoliation of evidence because the physical file had been discovered and provided to Plaintiff. [ECF No. 67]. Plaintiff replied, alleging that, although Defendant had provided the file, due to the circumstances surrounding the file's production and Defendant's prior discovery conduct, Plaintiff "has no way of determining whether the file presented is the original

file or whether documents have been removed—by anyone." [ECF No. 71].

Because of additional allegations in Plaintiff's reply, with the Undersigned's permission [ECF No. 98], Defendant filed a response to Plaintiff's reply (i.e., a surreply). [ECF No. 99]. For the reasons discussed below, the Undersigned **DENIES** Plaintiff's request for an adverse inference instruction or permission to present testimony surrounding the discovery of the documents. The Undersigned **GRANTS** in part and **DENIES** in part Plaintiff's request for attorney's fees.

## I. Factual Background

Plaintiff's lawsuit alleges age discrimination and retaliation concerning his employment as a regional private banking manager with Wells Fargo Bank. [ECF No. 1-3]. Sanz filed a motion on January 15, 2021, alleging that Defendant had not produced a physical file containing a supervisor's notes about Plaintiff's job performance. [ECF No. 62]. Plaintiff requested an adverse inference jury instruction based on the alleged spoliation. *Id.* Defendant filed a response on January 29, 2021, indicating the physical file had been discovered and a copy was provided to Plaintiff. [ECF No. 67].

In his reply, Plaintiff confirmed the file was received on January 25, 2021. [ECF No. 71]. But Sanz still requests an adverse inference jury instruction. *Id.* As an alternative, because the physical file had been produced, Plaintiff requests that he be allowed to present evidence of "the missing and/or withheld documents and the circumstances

2

surrounding the documents." *Id.*

Lastly, Plaintiff requests attorney's fees for filing his initial motion, the reply, and conducting a deposition relevant to the request. *Id.* With the Court's permission [ECF No. 98], Wells Fargo filed a surreply requesting that Plaintiff's motion be denied as meritless and untimely. [ECF No. 99].

Plaintiff first learned that a physical file containing "performance issues related to Mr. Sanz" existed during a July 29, 2020 deposition of Jayne Hill, one of Plaintiff's supervisors. [ECF No. 62-1, p.13]. Hill indicated, at the time of the deposition, that she had not reviewed the physical file nor provided it to defense counsel. *Id.* at 13-14. Plaintiff requested a copy of this physical file in a second request for production issued on August 11, 2020. [ECF No. 62-3].[1] Defendant provided its responses on October 1, 2020 and, in response to Plaintiff's request for the file, stated, "Defendant states that this file was produced." [ECF No. 62-2].

Over the next few months, the parties litigated multiple discovery disputes in front of the Undersigned. Defendant, on December 1, 2020, provided amended responses to Plaintiff's second request for production. As part of the amended responses, Defendant altered its prior answer, and it stated, "Defendant states that there is no physical file responsive to request no. 6." [ECF No. 62-4]. After receiving this amended response from

---

[1] A review of the Plaintiff's filings has this document titled as "Exhibit Def. Res. To 2nd RFP." This is an error in titling, as the document titled "Exhibit PL 2nd RFP" contains Defendant's responses and this document contains the Plaintiff's requests.

3

Defendant, Plaintiff's counsel claims to have conferred with Defendant's counsel regarding the contradictory statements and either received no response from Defendant or received a confirmation from Defendant's counsel there was no physical file.

In Defendant's initial response to Plaintiff's motion, Wells Fargo claims that it provided the file to Plaintiff and, therefore, there can be no spoliation. Defendant claims Hill considered her electronic file to be her working file and that Plaintiff had not asked Hill how her files were maintained. Defendant states it was able to find the file because Hill, when she went into the bank of January 1, 2021, "looked one more time to make sure she did not have anything else and that is when she found the hard file." [ECF No. 67].

Defendant claims that Hill looked for the file three times.[2] After producing the file, Defendant agreed to make Hill available for a second deposition and bear the cost of a court reporter and expedited transcription.

Plaintiff admitted to receiving the physical file on January 25, 2021. During Plaintiff's second deposition[3] of Hill on February 3, 2021, Plaintiff's counsel questioned Hill at length about the circumstances surrounding the discovery of the file. During the deposition, Hill provided vague, broad answers about the specifics of her search for the file. Hill was unable to remember if Defendant's attorneys or anyone for Wells Fargo

---

[2]   It is unclear to the Undersigned whether Hill found the physical file on a fourth search or whether the third search was the final search.

[3]   While this is the third time Hill gave deposition testimony in this case, one of those times was as a corporate representative and not as a potential, specific fact witness.

4

asked her to look for the file. [ECF 71-1, pp. 32, 39, 51]. Hill was also unable to remember, with specifics, when she previously looked for the file, stating she looked "[s]ometime between [July 29th, 2020] and last week." *Id.* at p. 32. Hill was not even able to remember *where* she found the file — just that it was in a file drawer in her office or near her office. *Id.* at p. 34.

Plaintiff highlights, for the first time, in his reply brief that Defendant also delayed the production of Hill's electronic file. During the second deposition, Hill remembered providing her electronic file to Wells Fargo attorneys. *Id.* at pp. 28-29. Plaintiff claims to have not received the electronic file in discovery until December 31, 2020. Defendant, in a response to Plaintiff's reply, argues the electronic file was not requested by Plaintiff and was turned over "in good faith to ensure that any documentation that Jayne Hill may have had was already produced." [ECF No. 99]. Wells Fargo contends that these documents were largely duplicative of prior documents provided in discovery. *Id*.

Sanz wants this Court to allow a jury instruction on the spoliation of evidence or, in the alternative, permit Plaintiff to elicit evidence at trial about the missing and/or withheld documents and the circumstances surrounding the documents. Plaintiff also seeks attorney's fees for filing this motion, conducting Hill's deposition, including preparation time, and filing the reply.

## II. Jurisdiction and Legal Standard

Magistrate judges may issue orders on any "pretrial matter not dispositive of a party's claim or defense[.]" Fed. R. Civ. P. 72(a). Such an order may not be set aside unless it "is clearly erroneous or is contrary to law." *Id.*

Thus, magistrate judges have jurisdiction to enter sanctions orders for discovery failures which do not strike claims, completely preclude defenses, or generate litigation-ending consequences. Practice Before Federal Magistrates, § 16.06A (Mathew Bender 2010) ("discovery sanctions are generally viewed as non-dispositive matters committed to the discretion of the magistrate unless a party's entire claim is being dismissed").

The critical factor used to determine whether a magistrate judge may enter an order on a requested discovery sanction is what sanction the magistrate judge **actually** imposes, rather than the one requested by the party seeking sanctions. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) (rejecting argument that magistrate judge ruled on dispositive motion because litigant sought entry of a default judgment and explaining that "[e]ven though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction," then the order is treated as not dispositive under Rule 72(a)); Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3068.2, at 342–44 (West 1997).

"Spoliation is a destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Gaff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009) (quoting *West*

6

*v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)); *see also Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003) (explaining that spoliation is "the destruction of evidence or the significant and meaningful alteration of a document or instrument") (internal quotation marks omitted).

Because spoliation sanctions constitute an evidentiary matter, federal law governs their imposition. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005); *see Martinez v. Brink's, Inc.*, 171 F. App'x 263, 268 n.7 (11th Cir. 2006) (holding that federal law governs the imposition of spoliation sanctions in a case premised on federal question jurisdiction); *In Matter of Complaint of Boston Boat III, L.L.C.*, 310 F.R.D. 510, 513-514 (S.D. Fla. 2015) (same).

A district court has "broad discretion" to impose sanctions for spoliation, which is derived "from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury*, 427 F.3d at 944.

In this Circuit, sanctions for spoliation of evidence may include: "(1) dismissal of the case; (2) exclusion of expert testimony; or (3) a jury instruction on spoliation which raises a resumption against the spoliator." *Id*. at 945. "The adverse inference makes a finding or imposes a rebuttable presumption that the missing evidence would have been unfavorable to the party engaging in the misconduct." *Fed. Trade Comm'n v. First Universal Lending, LLC*, 773 F. Supp. 2d 1332, 1352 (S.D. Fla. 2011).

> To establish spoliation, the party seeking sanctions must prove several things: first, that the missing evidence existed at one time; second, that the

7

alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense.

*Doe v. Miami-Dade County*, 797 F. Supp. 2d 1296, 1303 (S.D. Fla. 2011); *see QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 280 F.R.D. 694, 696 (S.D. Fla. 2012).

A jury instruction on spoliation of evidence is required "only when the absence of that evidence is predicated on bad faith." *Cox v. Target Corp.*, 351 F. App'x 381, 383 (11th Cir. 2009).

> [W]here no direct evidence of bad intent exists, in this Circuit, bad faith may be found on circumstantial evidence where all of the following hallmarks are present: (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.

*Fed. Trade Comm'n*, 773 Supp. 2d at 1353-54; *see also Boston Boat III, L.L.C.*, 310 F.R.D. at 520.

Federal Rule of Civil Procedure 37(a)(5)(A) provides for the recovery of attorney's fees in discovery disputes, stating,

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P 37(a)(5)(A); *see also Ford v. Carnival Corp.*, 2010 WL 11504285 (S.D. Fla. 2010) (granting plaintiff's request for attorney's fees incurred in filing a spoliation motion).

### III. Analysis

As a threshold principle, spoliation exists only when there has been the destruction or significant alteration of evidence, or the failure to properly preserve evidence. *See e.g. Alston v. City of Darien*, 750 Fed. App'x 825, 835 (11th Cir. 2018) ("Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."); *Oil Equipment Co. Inc. v. Modern Welding Co. Inc.*, 661 Fed. App'x 646, 652 (11th Cir. 2016) ("Spoliation refers to the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.") (internal quotations omitted); *Easterwood v. Carnival Corp.*, 2020 WL 6781742, at *2 (S.D. Fla. 2020) ("Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.") (internal citations omitted).

This is just the first of three factors the movant must establish:

9

> "Spoliation is established where the moving party demonstrates (1) the *missing or destroyed evidence* existed at one time, (2) the non-moving, allegedly spoliating party had a duty preserve the evidence, and (3) the allegedly spoliated evidence was crucial to the movant's ability to prove a *prima facie* case or defense."

*QBE Ins. Corp. v. Jorda Enters., Inc.*, 280 F.R.D. 694,696 (S.D. Fla. 2012) (emphasis added).

Plaintiff alleges, in his original motion, that there is a missing **physical** file containing documents regarding Plaintiff's employment performance. This is separate and distinct from electronically stored information (ESI), which, when spoliation sanctions are requested, is governed by Federal Rule of Civil Procedure 37(e).

Plaintiff first learned of the file's existence during a deposition of Hill. Afterwards, Plaintiff requested, as part of discovery, a copy of this physical file. In response to this request, Wells Fargo provided contradictory answers, first claiming the file had already been provided in discovery and then claiming the file did not exist. Plaintiff conferred with Defendant on this issue before filing the initial motion on January 15, 2021.

After Plaintiff filed the initial motion for spoliation, Defendant *provided the physical file to Plaintiff*. Indeed, Plaintiff admits he received the file on January 25, 2021. This fact *alone* defeats a claim of spoliation, as evidence cannot be missing or destroyed if it has been provided to the opposing party.[4]

Plaintiff, despite receiving the file, still requests an adverse inference instruction.

---

[4] Plaintiff also fails to address why this evidence is *crucial* to presenting a *prima facie* case or defense, which is the third factor for a spoliation claim.

This request is illogical. Such an instruction would only confuse the jury and would deviate from the purpose of the instruction, which is intended to eliminate or ameliorate prejudice to a party for wrongly discarded evidence. *See Point Blank Solutions Inc. v. Toyobo America, Inc.*, 2011 WL 1456029, at *22 (S.D. Fla. 2011) ("If [the complaining party] now has virtually all of the relevant evidence . . . then how can a jury be given an adverse inference about destroyed, missing evidence if the parties can, in fact, introduce that very evidence at trial?").

Plaintiff appears to be advancing this request on an argument that Defendant demonstrated "bad faith" actions in this case. Even if there were legal authority or logical consistency justifying Plaintiff's receipt of an adverse inference jury instruction on the destruction of evidence while simultaneously having that evidence available to present, Plaintiff would still need to demonstrate that Defendant acted in bad faith. *See Cox v. Target*, 351 Fed. App'x 381, 383 (11th Cir. 2009) ("A jury instruction on spoliation of evidence is required only when the absence of that evidence is predicated on bad faith.").

Bad faith can be established by direct or circumstantial evidence. *See Penick v. Harbor Freight Tools, USA, Inc.*, 481 F.Supp.3d 1286, 1292 (S.D. Fla. 2020) ("If direct evidence of bad faith is unavailable, the moving party may establish bad faith through circumstantial evidence."). Plaintiff has not put forward any direct evidence of bad faith. To establish bad faith via circumstantial evidence, the movant must prove:

> (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the

> spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.

*Id.* (quoting *Walter v. Carnival Corp*, 2010 WL 2927962, at *2 (S.D. Fla. 2010)). If even one of these factors is missing, Plaintiff cannot circumstantially establish bad faith. *Id.*

Here, Defendant gave a credible explanation as to why the physical file was recently discovered. Due to the pandemic, Hill has not been working at the office daily. She testified that she decided to look for the file during one of her recent visits to the office. While it certainly is concerning that Defendant had difficulty complying with court-ordered discovery deadlines and, at times, did not appear to know what it has turned over in discovery or whether confirmed discovery even exists, the Court is not willing to make the leap and opine there is some nefarious intent behind Defendant's actions.

Mere negligence, or even gross negligence, by Defendant would not justify the sanction Plaintiff is seeking. *See Wandner v. American Airlines*, 79 F. Supp. 3d. 1285 (S.D. Fla. 2015); *see also Preferred Care Partners Holding Corp. v. Humana, Inc.*, 2009 WL 982460, at *7 (S.D. Fla. 2009)(declining to order adverse inference even though party's performance in fulfilling discovery obligations was "clearly egregious" and even though the party's discovery failings "resulted from the grossly negligent oversights of counsel.").

Because Plaintiff has failed to demonstrate there is any missing evidence or

establish, either directly or circumstantially, that Defendant has acted in bad faith, the Court **denies** Plaintiff's request for an adverse inference jury instruction or to present to the jury evidence of Defendant's discovery delays and missteps.

Despite not prevailing on the merits of his spoliation sanctions motion, Sanz is still entitled to attorney's fees for work done before the physical file was ultimately and belatedly provided by Defendant. Because Plaintiff conferred with Defendant regarding the physical file in an attempt to resolve the dispute without litigation and was forced to file a motion before the physical file was provided by Defendant, fees are recoverable under Federal Rule of Civil Procedure 37(a)(5)(A) (allowing the recovery of attorney's fees in discovery disputes where the movant conferred with opposing counsel prior to filing the motion and either succeeds on the merits **or receives the discovery after the filing of the motion**).

Plaintiff's counsel provided an affidavit with accompanying billing sheets detailing her work on these motions. [ECF No. 71-4]. Plaintiff is entitled to all listed fees incurred up to and including the finalization and submission of the initial motion. Therefore, this Court **grants,** in part, Plaintiff's request for attorney's fees, and awards Plaintiff's counsel $3,320.00 in attorney's fees.[5]

---

[5] If either party would like to contest the awarded fees, they are instructed to file a motion to set an evidentiary hearing with the Court. If Defendant is contesting the award of attorney's fees, counsel must submit, along with its motion, an affidavit explaining the contradictions in its response to RFP 6 of Plaintiff's Second Request for Production, as well as specify what steps Wells Fargo took to locate the file after Hill mentioned it in her

At this time, the Court is **denying**, without prejudice, Plaintiff's requests for fees associated with the additional deposition of Hill and the filing of Plaintiff's reply. *See Mazzota v. Citimortgage, Inc.*, 2015 WL 1189587, at *2 (S.D. Fla. 2015) (electing not to award fees on a piecemeal basis and informing the parties the question of attorney's fees would be considered at the conclusion of the case).

**DONE AND ORDERED** in Chambers, in Miami, Florida, June 21, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record

---

deposition on July 29, 2020. If Defendant is contesting the number of hours billed by Plaintiff's attorney or Plaintiff's attorney's hourly rate, defense counsel must submit, along with its motion, a billing sheet including defense counsel's hourly rate and the hours spent on this issue.